UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARK PARKS, | CASE NO. 3:15-cv-02558-GPC-DHB |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'s MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES, LLC; and DOES 1 through 50, INCLUSIVE, | [ECF No. 4] |
| Defendants. | |

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") unopposed Motion to Dismiss. Def. Mot. Dismiss ("Def. Mot."), ECF No. 4, which has been joined by Defendant NBS Default Services, LLC ("NBS"), ECF No. 6. Upon consideration of the moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

**BACKGROUND**

This case arises out of a $344,500.00 loan obtained by Plaintiff on June 22, 2006 from Defendant's predecessor-in-interest, World Savings Bank, FSB ("WSB"), which was secured by a deed of trust on Plaintiff's home. Compl. 3, ECF No. 1, Ex. A. At some unspecified time, Plaintiff fell behind on his loan repayments and sought a loan modification from Defendant. Compl. 4. In June 2010, the trustee under the deed of trust, Cal-Western Reconveyance Corporation ("Cal-Western"),

recorded a notice of default. Compl. 4. From September 2010 to March 2014, Cal-Western recorded five notice of trustee sales. Compl. 4–5. On September 28, 2015, Defendants recorded a substitution of trustee replacing Cal-Western with Defendant NBS. Compl. 5. Plaintiff's home does not appear to have been sold. Plaintiff alleges that from 2010 to the present day, Defendant violated state law by (1) refusing to provide a single point of contact ("SPOC") during the loan modification process; (2) refusing to engage in a meaningful review of his loan modification; and (3) engaging in "dual tracking" by pursuing a nonjudicial foreclosure sale of Plaintiff's home while Plaintiff's loan modification application was pending.

On October 8, 2015, Plaintiff, a resident of California, brought suit against Defendant, a national banking association with its main office located in South Dakota, in San Diego Superior Court. Compl. 1. Plaintiffs alleged violations of (1) the California Homeowner Bill of Rights ("HBOR"); (2) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq; (3) common law unfair competition; (4) breach of the implied covenant of good faith and fair dealing; (5) negligence; and (6) negligent infliction of emotional distress; seeking declaratory and injunctive relief. Compl. 7–15.

On November 13, 2015, Defendant removed the case to federal court on the basis of diversity jurisdiction. Notice of Removal 2, ECF No. 1. On November 13, 2015, Defendant filed this unopposed motion to dismiss. ECF No. 4.

## LEGAL STANDARD

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (noting that on a motion to dismiss the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). "The pleading standard . . . does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). "Review is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *See Metlzer Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those nonconclusory factual allegations accepted as true state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 676–84; *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (noting that "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.") (internal quotation marks and citation omitted). And while "[t]he plausibility standard is not akin to a probability requirement," it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." *Id.* at 679.

//
//

# DISCUSSION

## I. Judicial Notice

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). Fed. R. Evid. 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The court may take notice of such facts on its own, and "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

Defendant seeks judicial notice of: (a) WSB's certificate of corporate existence as a federal savings bank, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS") on April 21, 2006; a November 19, 2007 letter from OTS authorizing a name change from World Savings Bank, FSB, to Wachovia Mortgage, FSB ("Wachovia"); Wachovia's charter, signed by the Director of OTS on December 31, 2007; a certification from the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia converted to Wells Fargo Bank Southwest, N.A., which then merged with Wells Fargo Bank, N.A.; and a printout from the website of the Federal Deposit Insurance Corporation, showing the history of WSB.

Neither party questions the authenticity of these documents. The Court finds that these items are appropriate for judicial notice because they are matters of public record, the parties do not dispute their authenticity, and they are central to Plaintiff's claims. *See, e.g.*, *Hite v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, at

\*6–9 (E.D. Cal. June 10, 2010) (judicial notice of same documents concerning the history of WSB above), *Paralyzed Veterans of Am. v. McPherson*, 2008 U.S. Dist. LEXIS 69542, at \*17–18 (N.D. Cal. Sept. 8, 2008) (judicial notice of information appearing on and printed from official government websites). Therefore, the Court **GRANTS** Defendant's requests for judicial notice.

II. **Motion to Dismiss**

Defendant argues that the case should be dismissed because the claims are preempted by federal law. *See* Def. Mot. 2–5. Because the Court agrees that Plaintiff's state law claims are preempted by the federal Home Owners' Loan Act, the Court **GRANTS** the motion to dismiss.[1]

Defendants argue that Plaintiffs' state-law claims are preempted by the federal Home Owners' Loan Act ("HOLA"). Def. Mot. 2–5. Federal savings associations, including federal savings banks, are subject to HOLA and are regulated by the Treasury Department's Office of Thrift Supervision ("OTS"). *Osorio v. Wachovia Mortgage, FSB*, 2012 WL 1610110, at \*3 (S.D. Cal. May 8, 2012) (citing 12 U.S.C. § 1464; *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008)).

Under HOLA, the OTS enjoys "plenary and exclusive authority . . . to regulate all aspects of the operations of Federal savings associations" and its authority "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. §§ 545.2, 560.2(a). The Ninth Circuit has stated that the enabling statute and subsequent agency regulations are "so pervasive as to leave no room for state regulatory control." *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1260 (9th Cir.1979), *aff'd*, 445 U.S. 921 (1980). OTS Regulation 560.2(b) expressly preempts state regulation of federal thrift activities dealing with, *inter alia*, terms of credit, loan-related fees, servicing fees, disclosure and

---

[1] Since the Court so finds, the Court need not address Defendant's additional argument that Plaintiff's claims are inadequately pled. *See* Def. Mot. 5–17.

1  advertising, loan processing, loan origination, and servicing of mortgages. 12 C.F.R.
2  § 560.2(b). Federal courts have held that claims for violations of HBOR are
3  preempted by HOLA. *See Sato v. Wachovia Mortg., FSB*, 2011 U .S. Dist. LEXIS
4  75418, at *19–20, 2011 WL 2784567 (N.D.Cal. Jul. 13, 2011) (finding claim that
5  lender violated California Civil Code § 2923.6 by failing to modify her loan
6  preempted by HOLA); *see also Campos v. Wells Fargo Bank, N.A.*, No.
7  CV151200JVSDTBX, 2015 WL 5145520, at *7 (C.D. Cal. Aug. 31, 2015) (citing
8  *Meyer v. Wells Fargo Bank, N.A.*, No. C 13-03727 WHA, 2013 WL 6407516, at *4
9  (N.D. Cal. Dec. 6, 2013); *Marquez v. Wells Fargo Bank, N.A.*, No. C 13-2819 PJH,
10 2013 WL 5141689, at *5 (C.D. Cal. Sept. 13, 2013)).

11      Plaintiff's loan originated with WSB, a federal savings bank that was
12 subsequently acquired by Defendant Wells Fargo, a national banking association. A
13 majority of district courts to address the issue have found that "HOLA preemption
14 continues to apply to conduct related to loans originated by a federally-chartered
15 savings association even after those banks are merged into national banking
16 associations." *See, e.g.*, *Campos*, 2015 WL 5145520, at *5 (citation omitted);
17 *Penermon v. Wells Fargo Bank, N.A.*, 47 F. Supp. 3d 982, 995 (N.D. Cal. 2014)
18 (acknowledging that holding otherwise constitutes the "minority view").
19 Therefore, the Court concludes that Plaintiff's HBOR claims are preempted by
20 HOLA.

21      Moreover, Plaintiff's state law claims for UCL violations, common law unfair
22 competition, breach of the implied covenant of good faith and fair dealing,
23 negligence, and negligent infliction of emotional distress are based on the same
24 SPOC, lack of meaningful review, and dual tracking allegations regulated by
25 HOLA, rather than any unrelated conduct of the Defendant. *See Silvas v. E*Trade
26 Mortgage Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (finding federal preemption
27 of Plaintiff's UCL claims where those claims were based on disclosure, advertising,
28 and loan-related fee activities of the Defendant that were expressly preempted by §

560.2(b)); *Appling v. Wachovia Mortgage, FSB*, 745 F. Supp. 2d 961, 972 (N.D. Cal. 2010) (finding preemption of Plaintiff's negligent misrepresentation, breach of fiduciary duty, and UCL claims for the same reasons, and stating that "[w]hat matters for purposes of Defendant's preemption defense . . . is not the label Plaintiff affixed to his claim, but whether Plaintiff's allegations, however styled, fall within the scope of the OTS preemption regulations."); *see also* Compl. 11–13. Thus, Plaintiff's state law claims are **DISMISSED WITH PREJUDICE**.

**III     Leave to Amend**

Fed. R. Civ. P. 15 provides that courts should freely grant leave to amend when justice requires it. Accordingly, when a court dismisses a complaint for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (internal quotation marks omitted). Amendment may be denied, however, if amendment would be futile. *See id.* The Court will grant Plaintiffs leave to amend in order to cure the deficiencies identified in the complaint.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss for Failure to State a Claim, ECF No. 4, is **GRANTED** without prejudice. Plaintiffs' state law causes of action are **DISMISSED WITH PREJUDICE**.

2. **Within thirty (30) days** of the issuance of this Order, Plaintiff must file either a second amended complaint or a notice of election not to file an amended complaint. Failure to comply with this order will result in dismissal of the action pursuant to Fed. R. Civ. P. 41(b). Defendant must file any response **within fourteen (14) days** after service of the amended pleading.

**IT IS SO ORDERED.**

1 | DATED: February 3, 2016

HON. GONZALO P. CURIEL
United States District Judge